IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

**09-23079**

CAROL COHENS

        Plaintiff,

v.

HIALEAH HOUSING AUTHORITY, and ALEX
MORALES, JULIO PONCE, ALICIA PEREZ,
JOSE LUIS PANIAGUA, BENJAMIN ALVAREZ
and ANA WYDRA, in their official capacity,

        Defendants.

_____/

Case No.
Injunctive Relief Requested

**CIV - HUCK**

MAGISTRATE JUDGE
O'SULLIVAN

FILED by _____ D.C.
INTAKE

**OCT 1 4 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## VERIFIED COMPLAINT

Plaintiff, Carol Cohens, by and through undersigned counsel, file this Complaint for

damages, declaratory, and injunctive relief against Defendant, Hialeah Housing Authority, and Alex

Morales, Julio Ponce, Alicia Perez, Jose Luis Paniagua, Benjamin Alvarez, and Ana Wydra, in their

official capacity, and as grounds states:

## PRELIMINARY STATEMENT

1.      Carol Cohens, a 49 year old, single woman with no prior criminal history, is now

facing homelessness because Defendants improperly terminated her Section 8 Housing Assistance

in violation of the Due Process Clause of the Fourteenth Amendment and federal law. Ms. Cohens'

termination was based solely on a criminal charge that was promptly dismissed, which was the result

of a false accusations by a woman who attacked Ms. Cohens in the elevator of her apartment

complex. At the termination hearing, Defendant's hearing officer upheld the termination and

ignored evidence, shifted the burden of proof to Ms. Cohens, and allowed an arrest to substitute for actual evidence of criminal activity.

2.     Plaintiff brings this action based on her entitlement to continued participation in the federal Section 8 Tenant-Based Assistance Housing Choice Voucher Program (hereinafter "Section 8 Program"), operated by Defendants, Hialeah Housing Authority (hereinafter "HHA"), and Alex Morales, Julio Ponce, Alicia Perez, Jose Luis Paniagua, Benjamin Alvarez, and Ana Wydra, in their official capacity.

3.     The basic purpose of the Section 8 Program is to provide lower income families with safe, decent, and sanitary housing.

4.     Defendants have terminated Plaintiff's participation in the Section 8 Program in violation of Plaintiff's rights under  the due process clause of the Fourteenth Amendment of the United States Constitution, the United States Housing Act of 1937, as amended, 42 U.S.C. §1437d(k) and 42 U.S.C. §1437f(o)(20)(D)(I) and the federal regulations governing the Section 8 Program.

5.     Plaintiff seeks a temporary restraining order, preliminary and permanent injunctive relief, declaratory relief, damages, and costs to secure her rights under the United States Constitution and federal law.  In particular, Plaintiff seeks:

a.     A temporary restraining order and a preliminary injunction ordering Defendants to immediately pay the Section 8 housing assistance payment to Plaintiff's landlord as of October 2009 and every month thereafter while this action is pending.

b.     Declaratory relief declaring that Defendants violated Plaintiff's rights under the United States Constitution and federal law by improperly terminating her from the

Section 8 voucher program.

c.     Permanent injunctive relief ordering Defendants to reinstate Plaintiff's participation in the Section 8 voucher program.

d.     As to Defendant HHA only, damages to the maximum amount allowed by law for having her participation in the Section 8 Program terminated in violation of her constitutional rights and federal law.

## JURISDICTION & VENUE

6.     This court has jurisdiction over this action pursuant to the following:

a.     28 U.S.C. §1331, as this is a civil action arising under the Constitution, laws, and/or treatises of the United States;

b.     28 U.S.C. §1343, as this is a civil action seeking to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom and/or usage, or a right, privilege, or immunity secured by the Constitution of the United States and/or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

c.     28 U.S.C. § 2201, as this is an action seeking to declare the rights and/or other legal relations of interested parties;

d.     28 U.S.C. § 2202, as this is an action seeking further necessary and proper relief based on a declaratory judgement and/or decree;

e.     Rule 57 of the Federal Rules of Civil Procedure, as this is an action seeking declaratory relief;

f.     Rule 65 of the Federal Rules of Civil Procedure, as this is an action seeking

injunctive relief;

7.      Plaintiff's claims are predicated, in part, upon 42 U.S.C. §1983, which authorizes, actions to redress the deprivation, under color of State law, of rights, privileges, and or immunities secured by the Constitution of the United States, and upon 42 U.S.C. §1988, which authorizes the award of costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983. Plaintiff is not seeking attorney's fees under this statute.

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and §1391(c), as the Defendants are located in this judicial district and the events and omissions giving rise to the claims occurred in this judicial district.

## **PARTIES**

9.      Plaintiff, Carol Cohens (hereinafter "Ms. Cohens) is a citizen of the United States, and at all times relevant, has resided in Miami-Dade County, Florida.

10.     Defendant HHA is a public body corporate, and was organized and exists under Florida Statute Chapter 421. HHA is responsible for operating the Section 8 Voucher Program in the City of Hialeah pursuant to federal and state law.

11.     Defendant Alex Morales is, and was at all times relevant to this action, the Executive Director of the HHA, responsible for the day to day operations of the HHA and for the management of its employees. At all times relevant to this action, Defendant Morales, as the Executive Director, was a recipient of federal funds and was acting under the color of state law. He is sued in his official capacity.

12.     Defendant Julio Ponce is, and was at all times relevant to this action, a Commissioner

4

of the HHA, responsible pursuant to *Fla Stat.* § 421.05 for exercising the powers of the HHA. At all times relevant to this action, Defendant Ponce, as a Commissioner of the HHA, was recipient of federal funds and was acting under color of state law. He is sued in his official capacity.

13.     Defendant Alicia Perez is, and was at all times relevant to this action, a Commissioner of the HHA, responsible pursuant to *Fla Stat.* § 421.05 for exercising the powers of the HHA. At all times relevant to this action, Defendant Perez, as a Commissioner of the HHA, was recipient of federal funds and was acting under color of state law. She is sued in her official capacity.

14.     Defendant Jose Luis Paniagua is, and was at all times relevant to this action, a Commissioner of the HHA, responsible pursuant to *Fla Stat.* § 421.05 for exercising the powers of the HHA. At all times relevant to this action, Defendant Paniagua, as a Commissioner of the HHA, was recipient of federal funds and was acting under color of state law. He is sued in his official capacity.

15.     Defendant Benjamin Alvarez is, and was at all times relevant to this action, a Commissioner of the HHA, responsible pursuant to *Fla Stat.* § 421.05 for exercising the powers of the HHA. At all times relevant to this action, Defendant Alvarez, as a Commissioner of the HHA, was recipient of federal funds and was acting under color of state law. He is sued in his official capacity.

16.     Defendant Ana Wydra is, and was at all times relevant to this action, a Commissioner of the HHA, responsible pursuant to *Fla Stat.* § 421.05 for exercising the powers of the HHA. At all times relevant to this action, Defendant Wydra, as a Commissioner of the HHA, was recipient of federal funds and was acting under color of state law. She is sued in her official capacity.

## THE SECTION 8 TENANT-BASED ASSISTANCE
## HOUSING CHOICE VOUCHER PROGRAM

17.     The Section 8 Voucher Program was established by Congress in 1990 and codified at 42 U.S.C. §1437f, the United States Housing Act of 1937, as amended.

18.     Through an Annual Contribution Contract, the United States Department of Housing and Urban Development (hereinafter "HUD") provides funds to a governmental entity or public body to act as a public housing agency (hereinafter "PHA"), and to operate housing programs for low - income families.

19.     In the City of Hialeah, the PHA which operates the Section 8 Voucher Program is HHA.

20.     An eligible family obtains a voucher from the PHA, locates a rental unit in the private market of existing housing within size and rental limits set by the PHA, and submits a request for lease approval to the PHA.

21.     If the unit lease is approved by the PHA, the family executes a lease with the private owner. The owner and the PHA execute a Housing Assistance Payments Contract, also known as a "HAP contract."

22.     The participant family pays directly to the landlord approximately 30% of their adjusted monthly income as their portion of the rent.

23.     On behalf of the participant, the PHA, pursuant to the HAP Contract with the owner, pays the difference between the tenant's portion of the rent and the total contract rent defined in the lease.  This payment by the PHA is called the "Housing Assistance Payment."

24.     The "Housing Assistance Payment" plus the participant's portion of the rent always

6

equals the total rent for the housing unit.

25.     42 U.S.C. § 1437f(o)(20)(D)(i) permits, but does not require, a PHA to terminate assistance of participants who *engage in* criminal acts of physical violence against others (emphasis added).

26.     24 C.F.R. § 983.553(c) states that a PHA may terminate assistance if the PHA determines, *based on a preponderance of the evidence,* that the Section 8 participant has *engaged in* criminal activity, regardless of whether the participant has been arrested or convicted for such activity (emphasis added).

27.     24 C.F.R. § 982.553(d)(2) states that if a PHA proposes to terminate assistance for criminal activity as shown by a criminal record, the PHA must give the participant an opportunity to dispute the accuracy and relevance of that record in an informal hearing.

28.     24 C.F.R. § 982.555 states that at an informal hearing must be conducted by a person who did not make or approve the decision under review.  Both the PHA and the participant must be given the opportunity to present evidence, and to question any witnesses.  Evidence may be considered without regard to admissibility under the rules of evidence applicable to judicial proceedings.  The person who conducts the hearing must issue a written decision, *stating briefly the reasons for the decision. Factual determinations shall be based on a preponderance of the evidence* (emphasis added).  A copy of the hearing decision shall be furnished promptly to the participant.

29.     Further, 24 C.F.R. § 982.555(f) requires the PHA to decide whether it will be bound by the hearing officer's decision.  The PHA is not bound by a decision that is contrary to HUD regulations, or otherwise contrary to federal, state, or local law.  If the PHA determines that it is not bound by a hearing decision, the PHA must promptly notify the family of the determination and the

reason for the determination.

## FACTUAL ALLEGATIONS

30.     Ms. Cohens has been a participant in HHA's Section 8 Voucher Program since 1995.

31.     Ms. Cohens has lived in an apartment at Edison Towers for the past 12 years. She is 49 year old, lives alone, and has no prior criminal history.

32.     On March 13, 2009, while riding in an elevator at Edison Towers, Ms. Cohens was attacked by a trespasser on the property. Trapped in a moving elevator, Ms. Cohens had no choice but to fight back in self defense. The following day, the police and the attacker came to her apartment. Based on the attacker's false allegations, Ms. Cohens was arrested and charged with aggravated battery. Within a few weeks, the charges were dismissed with no action.

33.     Ms. Cohens voluntarily notified the HHA of the fight and her arrest. On July 1, 2009, HHA issued a notice stating that her participation would be terminated as of July 31, 2009. The notice states that Ms. Cohens' participation is being terminated because she was "formally charged" with aggravated battery on March 15, 2009. A copy of the July 1, 2009 termination notice is attached as **Exhibit A.**

34.     Ms. Cohens promptly requested a hearing to appeal the termination. The hearing was held on August 26, 2009 before a hearing officer, Joel Bonilla. A transcript of the hearing has been filed separately, but simultaneously, with this complaint.

35.     Ms. Nicole Bates represented the HHA, and presented the following evidence:

a.      A printout from the Miami Dade County Corrections Department website showing that Ms. Cohens was arrested for aggravated battery on March 14, 2009 (attached as

**Exhibit B**);

b.      A printout from the Miami Dade County Clerk of Courts' website showing that the aggravated battery charge was filed on March 15, 2009 and was dismissed with No Action and closed on April 3, 2009 (attached as **Exhibit C**).

c.      The testimony of Paulette Smith, HHA's Section 8 Assistant Manager, who testified that she was required to terminate Ms. Cohens' participation when Ms. Cohens informed her that she was in a fight and got arrested.

36.     Ms. Cohens was represented by undersigned counsel and presented the following evidence:

a.      The testimony of Ms. Cohens, who testified that she was the victim of an unprovoked attack on March 13, 2009, that the attack took place in a moving elevator in her apartment building, Edison Towers, so she was forced to fight back in self defense, and that the attacker had a history of violence and had been banned from the property.

b.      The testimony of Ms. Jeanette Gracy, another Edison Towers resident, who testified that she witnessed the attack on the elevator, that Ms. Cohens did not provoke or initiate the attack, that she was familiar with the attacker, having lived next door to her for about one year, and how the attacker had a history of violent confrontations with other Edison Towers residents.

c.      A copy of a Notice of Trespass and Intent to Prosecute issued by Edison Towers on March 31, 2009, stating that the attacker "has been issued several trespassing warnings by management but continues to visit Edison Towers" (attached as **Exhibit**

**D).**

37.    A Notice of Decision of Hearing was issued on August 27, 2009, upholding HHA's decision to terminate. A copy of the August 27, 2009, Notice of Decision of Hearing is attached as **Exhibit E.**

38.    The hearing officer provides no explanation regarding the evidence he relied on in finding that Ms. Cohens engaged violent criminal activity. Rather, the decision states that "Ms. Cohens was unable to provide documentation or mitigating circumstances that showed she was not involved in any criminal activity which subsequently led to her arrest." *See* Notice of Decision attached as **Exhibit E.**

39.    The hearing officer listed the "Individuals Present" and the "Evidence Presented" at in his decision. Notably, Ms. Jannette Gracy, the only neutral witness with first hand knowledge of the facts that led to Ms. Cohens' arrest, is not listed in either section. *See* Notice of Decision attached as **Exhibit E.**

40.    On September 10, 2009, the undersigned counsel sent a letter via facsimile and U.S. Mail to Defendant Morales, and Mr. Charles Citrin, Esq., counsel for HHA and its Board of Commissioners, asking Defendants to issue a new determination pursuant to 24 C.F.R. § 982.555(f) no later than September 18, 2009, to avoid further litigation. Defendants, however, ignored this request and never responded to it. A copy of the letter is attached without exhibits as **Exhibit F**.

41.    Based on the hearing officer's decision, HHA has terminated HAP payments to Ms. Cohens' landlord.

42.    Ms. Cohens is currently unemployed and has no income. Without her subsidy, Ms. Cohens is unable to pay her rent.

43.     Ms. Cohens' landlord has initiated eviction proceedings and is alleging non-payment of rent.  Under the Florida Residential Landlord and Tenant Act, a Landlord is entitled to a default judgement if the tenant fails to post rent while the eviction is pending.  *See* Fla. Stat. § 83.60(2).  Therefore, absent intervention by this Court, Ms. Cohens will be forced to vacate her home of 12 years and will become homeless.

## COUNT ONE: VIOLATION OF 42 U.S.C. §1983
**HHA Failed to Prove that Ms. Cohens Engaged in Criminal Activity by a Preponderance of the Evidence**

44.     Plaintiff reasserts and realleges paragraphs 8 through 43.

45.     HHA's August 27, 2009, Decision to terminate Ms. Cohens' participation in Section 8 Program violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, 42 U.S.C. § 1437d(k), 1437f(o)(20)(D)(I), 24 C.F.R. § 982.553(c), and 24 C.F.R. § 982.555(e)(6).

46.     HHA bears the burden of proof at an informal hearing.  HHA's initial burden was to present evidence to establish a prima facie case that Ms. Cohens engaged in criminal activity. *See Basco v. Machin*, 514 F.3d 1177, 1182 (11th Cir.  2008).  Further, HHA bears the burden of persuasion, namely to ultimately prove that Ms. Cohens engaged in criminal activity by a preponderance of the evidence. *Id.*

47.     HHA's sole witness, Paulette Smith, testified that the only evidence she had regarding whether Ms. Cohen engaged in criminal activity were the online records showing Ms. Cohens was arrested for aggravated battery and the charges were later dropped, as well as Ms. Cohens' statement that she had been in a fight. *See* Transcript of Hearing at page 9 - 14.

48.     HHA did not meet its initial burden at the hearing, as it did not establish a prima facie case that Ms. Cohens engaged in criminal activity. *See Schware v. Board of Examiners*, 353 U.S. 232, 241 (1957) ("The mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct."); *see also Utz v Culliane*, 520 F2d 467, 478 (D.C. Cir. 1975) ("An arrest record, without more, is a fact that is absolutely irrelevant to the question of an individual's criminal culpability."); *see also Fla. Stat.* § 776.012 (Fighting is justified when a person reasonably believes that such conduct is necessary to defend himself or herself against the immanent use of unlawful force.).

49.     Further, HHA ultimately did not meet its burden of persuasion, as the preponderance of the evidence showed that Ms. Cohens did not engage in criminal activity, but rather, engaged in justifiable self-defense. *See Fla. Stat.* § 776.012 (Fighting is justified when a person reasonably believes that such conduct is necessary to defend himself or herself against the immanent use of unlawful force.).

50.     Further, in finding that "Ms. Cohens was unable to provide documentation or mitigating circumstances that showed she was not involved in any criminal activity which subsequently led to her arrest", the hearing officer impermissibly shifted the burden onto Ms. Cohens to prove that she did not engage in criminal activity. *See* Notice of Decision of Hearing, attached as **Exhibit E.**

51.     Ms. Cohens presented substantial, probative evidence, including her testimony and the corroborating testimony of Ms. Janette Gracy, regarding their first hand knowledge of the events that led to Ms. Cohen's arrest, namely an unprovoked attack in which Ms. Cohens was forced to fight back in self defense. *See* Transcript of Hearing at page 14 - 46.

12

52.     HHA presented no evidence to dispute that Ms. Cohens acted in self-defense.

53.     HHA ignored the evidence presented by Ms. Cohens, as Ms. Gracy was not even listed in the "Individual Present" or "Evidence Presented" section of the hearing officer's decision. *See* Notice of Decision of Hearing, attached as **Exhibit E.**

54.     HHA's decision, therefore, was not based on a preponderance of the evidence as required by 24 C.F.R. § 982.553(c), 24 C.F.R. § 982.555(e)(6), and Due Process as described by the court in *Goldberg.*

55.     Defendants' termination of Ms. Cohens' participation in the Section 8 Program violates her right to due process of law under the Fourteenth Amendment of the United States Constitution, and the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437d(k) and 1437f(o)(20)(D)(I) , and the applicable federal regulations found at 24 C.F.R. § 982.553(c) and 24 C.F.R. § 982.555(e)(6).

56.     Ms. Cohens was deprived of a federal right by Defendants, acting under color of state law, in that HHA terminated Ms. Cohens' participation in the Section 8 program although it lacked any probative evidence that she engaged in criminal activity in violation of her right to due process of law under the Fourteenth Amendment of the United States Constitution, the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437d(k), 1437f(o)(20)(D)(I), and the applicable federal regulations found at 24 C.F.R. § 982.553(c) and 24 C.F.R. § 982.555(e)(6), and she therefore has a cognizable claim under 42 U.S.C. §1983.

57.     Ms. Cohens has suffered damages by losing her rental subsidy and being threatened with eviction and homelessness.

## COUNT TWO: VIOLATION OF 42 U.S.C. §1983
### HHA Failed to Issue a Legally Sufficient Decision

58.     Plaintiff reasserts and realleges paragraphs 8 through 43.

59.     HHA's August 27, 2009, Decision to terminate Ms. Cohens' participation in Section 8 Program violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, 42 U.S.C. § 1437d(k), and 24 C.F.R. § 982.555(e)(6).

60.     HHA was required to issue a decision specifying the evidence it relied in finding that Ms. Cohens engaged in criminal activity. *See* 24 C.F.R. § 982.555(e)(6); 49 Fed.Reg. 62 at 12,230 (March 29, 1984); *Brantley v. West Valley City Housing Authority*, 2009 WL 301820 at 5 (D. Utah 2009); *Edgecomb v. Housing Authority of Town of Vernon*, 824 F.Supp. 312, 316 (D. Conn. 1993); *Costa v. Fall River Housing Authority*, 881 N.E.2d 800, 810 (Mass. App. Ct. 2008); *Driver v. Housing Authority of Racine County*, 713 N.W.2d 670, 678 (Wis. App. 2006).

61.     In this case, HHA's decision was legally insufficient as the hearing officer provides no explanation regarding the evidence he relied on in finding that Ms. Cohens engaged violent criminal activity. Rather, the decision states that "Ms. Cohens was unable to provide documentation or mitigating circumstances that showed she was not involved in any criminal activity which subsequently led to her arrest." *See* **Exhibit E.**

62.     Further the decision contains no mention of the testimony presented by Ms. Jannette Gracy, the only neutral witness with first hand knowledge of the facts that led to Ms. Cohens' arrest. *See* **Exhibit E.**

63.     HHA's hearing decision, therefore, failed to meet the legal requirements set forth in 24 C.F.R. § 982.555(e)(6), and Due Process as described by the court in *Goldberg.*

64.     Defendants' termination of Ms. Cohens' participation in the Section 8 Program violates her right to due process of law under the Fourteenth Amendment of the United States Constitution, and violates the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437d(k), and the applicable federal regulations found at 24 C.F.R. § 982.555(e)(6).

65.     Ms. Cohens was deprived of a federal right by Defendants, acting under color of state law, in that HHA terminated Ms. Cohens' participation in the Section 8 program without issuing a legally sufficient hearing decision in violation of her right to due process of law under the Fourteenth Amendment of the United States Constitution, the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437d(k), and the applicable federal regulations found at 24 C.F.R. § 982.555(e)(6), and she therefore has a cognizable claim under 42 U.S.C. §1983.

66.     Ms. Cohens has suffered damages by losing her rental subsidy and being threatened with eviction and homelessness.

### COUNT THREE: VIOLATION OF 42 U.S.C. §1983
### HHA has an Unlawful Policy of terminating Section 8 Participants Based Solely on Criminal Charges

67.     Plaintiff reasserts and realleges paragraphs 8 through 43.

68.     HHA's policy of terminating participation in the Section 8 Program based solely on criminal charges violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, 42 U.S.C. § 1437d(k), 1437f(o)(20)(D)(I), 24 C.F.R. § 982.553(c), 24 C.F.R. § 982.553(d)(2), and 24 C.F.R. § 982.555(e)(6).

69.     24 C.F.R. § 983.553(c) states that a PHA may terminate assistance if the PHA determines, *based on a preponderance of the evidence,* that the Section 8 participant has *engaged*

*in* criminal activity, regardless of whether the participant has been arrested or convicted for such activity (emphasis added).

70.     24 C.F.R. § 982.553(d)(2) states that if a PHA proposes to terminate participation based on a criminal record, the PHA must notify the participant of the proposed action, provide the participant with a copy of the criminal record, and give the participant *an opportunity to dispute the accuracy and relevance of that record* in an informal hearing.

71.     24 C.F.R. § 982.555(e)(6) states that "Factual determinations relating to the individual circumstances of the family shall be *based on a preponderance of the evidence presented at the hearing* (emphasis added).

72.     As stated by Paulette Smith, HHA's sole witness at the hearing, HHA's policy is to terminate assistance based solely on the fact that a participant was charged with a violent crime, regardless of whether the participant actually engaged in violent criminal activity. *See* Transcript of Hearing at page 10 - 13.

73.     HHA's policy, as stated by its attorney at the hearing, is that a Section 8 participant can be terminated if a participant was charged with a violent crime, regardless of the disposition of those charges, because the criminal charge alone is sufficient to establish that the participant engaged in criminal activity. *See* Transcript of Hearing at page 52 - 53.

74.     HHA's policy to terminate Section 8 voucher participants based solely on the fact that they are charged with a violent crime regardless of whether the participant actually engaged in criminal activity violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437d(k), 1437f(o)(20)(D)(I), and the applicable federal regulations found at 24 C.F.R. §

16

982.553(c), 24 C.F.R. § 982.553(d)(2), and 24 C.F.R. § 982.555(e)(6).

75.     Defendants' termination of Ms. Cohens' participation in the Section 8 Program based solely on the fact that she was charged with a violent crime violates her right to due process of law under the Fourteenth Amendment of the United States Constitution, the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437d(k), 1437f(o)(20)(D)(I), and the applicable federal regulations found at 24 C.F.R. § 982.553(c), 24 C.F.R. § 982.553(d)(2), and 24 C.F.R. § 982.555(e)(6). *See Brantley v. West Valley City Housing Authority*, 2009 WL 301820 at 6 (D. Utah 2009) (finding termination fell short of due process standards where PHA relied on the fact that criminal charges were pending to terminate assistance); *see also  Edgecomb v. Housing Authority of Town of Vernon*, 824 F.Supp. 312, 316 (D. Conn. 1993) (finding termination improper where participant was charged with criminal activity PHA but charges were later dropped and PHA relied on police report of arrest and two newspaper article describing the arrest.).

76.     Ms. Cohens was deprived of a federal right by Defendants, acting under color of state law, in that HHA terminated Ms. Cohens' participation based solely on the fact that she was charged with criminal activity in violation of her right to due process of law under the Fourteenth Amendment of the Constitution of the United States, the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437d(k), 1437f(o)(20)(D)(I), and the applicable federal regulations found at 24 C.F.R. § 982.553(c), 24 C.F.R. § 982.553(d)(2), and 24 C.F.R. § 982.555(e)(6), and she therefor has a cognizable claim under 42 U.S.C. § 1983.

77.     Ms. Cohens has suffered damages by losing her rental subsidy and being threatened with eviction and homelessness.

## COUNT FOUR: CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION
### HHA's Policy of Terminating Section 8 Participation Based Solely on Criminal Charges is Pre-Empted by Federal Law

78.     Plaintiff reasserts and realleges paragraphs 8 through 43.

79.     HHA's policy of terminating participation in the Section 8 Program based solely on criminal charges violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, 42 U.S.C. § 1437d(k), 1437f(o)(20)(D)(I), 24 C.F.R. § 982.553(c), 24 C.F.R. § 982.553(d)(2), and 24 C.F.R. § 982.555(e)(6).

80.     24 C.F.R. § 983.553(c) states that a PHA may terminate assistance if the PHA determines, *based on a preponderance of the evidence,* that the Section 8 participant has *engaged in* criminal activity, regardless of whether the participant has been arrested or convicted for such activity (emphasis added).

81.     24 C.F.R. § 982.553(d)(2) states that if a PHA proposes to terminate participation based on a criminal record, the PHA must notify the participant of the proposed action, provide the participant with a copy of the criminal record, and give the participant *an opportunity to dispute the accuracy and relevance of that record* in an informal hearing.

82.     24 C.F.R. § 982.555(e)(6) states that "Factual determinations relating to the individual circumstances of the family shall be *based on a preponderance of the evidence presented at the hearing* (emphasis added).

83.     As stated by Paulette Smith, HHA's sole witness at the hearing, HHA's policy is to terminate assistance based solely on the fact that a participant was charged with a violent crime, regardless of whether the participant actually engaged in violent criminal activity. *See*

18

Transcript of Hearing at page 10 - 13.

84.     HHA's policy, as stated by its attorney at the hearing, is that a Section 8 participant can be terminated if a participant was charged with a violent crime, regardless of the disposition of those charges, because the criminal charge alone is sufficient to establish that the participant engaged in criminal activity. *See* Transcript of Hearing at page 52 - 53.

85.     HHA's policy to terminate Section 8 voucher participants based solely on the fact that they are charged with a violent crime regardless of whether the participant engaged in criminal activity violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437d(k), 1437f(o)(20)(D)(I), and the applicable federal regulations found at 24 C.F.R. § 982.553(c), 24 C.F.R. § 982.553(d)(2), and 24 C.F.R. § 982.555(e)(6).

86.     Therefore, HHA's policy of policy of terminating participation in the Section 8 Program based solely on criminal charges is preempted by federal law pursuant to the Supremacy Clause of the United states Constitution, U.S. Const. Art. VI, cl. 2.

## COUNT FIVE: VIOLATION OF 42 U.S.C. § 1983
### HHA Failed to Provide an Impartial Hearing Officer

87.     Plaintiff reasserts and realleges paragraphs 8 through 43.

88.     Ms. Cohens has a Due Process right to an impartial hearing officer . *Goldberg, v. Kelley*, 397 U.S. 254, 271.

89.     Federal law also requires that Section 8 termination hearing be conducted by an impartial hearing officer. *See* 42 U.S.C. § 1437d(k)(2).

90.     As stated above, at the hearing, HHA failed to present any substantial, probative

evidence that Ms. Cohens engaged in criminal activity.

91.    The hearing officer's decision fails to state what evidence, if any, he relied on in determining that Ms. Cohens engaged in criminal activity. *See* Notice of Hearing Decision, attached as **Exhibit E**.

92.    The hearing officer listed the "Individuals Present" and the "Evidence Presented" in his decision, however, Ms. Jannette Gracy, the only neutral witness with first hand knowledge of the facts that led to Ms. Cohens' arrest, is not listed in either section.  *See* Notice of Hearing Decision, attached as **Exhibit E**.

93.    The hearing officer's decision states, "Ms. Cohens was unable to provide documentation or mitigating circumstances that showed she was not involved in any criminal activity which subsequently led to her arrest."   Notice of Hearing Decision, attached as **Exhibit E**.  However, both Ms. Cohens and Ms. Gracy testified that Ms. Cohens did not engage in violent criminal activity.

94.    The hearing officer is employed by HHA as its Director of Operations.

95.    Given his decision to uphold Ms. Cohens termination without any substantial, probative evidence that she engaged in criminal activity, his complete disregard of the evidence presented by Ms. Cohens, and his status as the Director of Operations of the HHA, it is evident that the hearing officer has a strong bias in favor of HHA.

96.    Defendants' termination of Ms. Cohens' participation in the Section 8 Program, without giving her the opportunity to be heard by an impartial hearing officer violates her right to due process of law under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1437d(k)(2).

20

97.     Ms. Cohens was deprived of a federal right by Defendants, acting under color of state law, in that HHA terminated Ms. Cohens' participation in the Section 8 program without giving her the opportunity to be heard by an impartial hearing officer, which violates her right to due process of law under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1437d(k)(2), and she therefore has a cognizable claim under 42 U.S.C. § 1983.

98.     Ms. Cohens has suffered damages by losing her rental subsidy and being threatened with eviction and homelessness.

WHEREFORE, the Plaintiff respectfully request this Court to:

A.     Assume jurisdiction over this action;

B.     Pursuant to 28 U.S.C. §2201 and Fed.R.Civ.P. 57, enter a judgment declaring that Defendant, by terminating Plaintiffs' participation in the Section 8 Program without any probative evidence of criminal activity, violated Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution as well as the statutes and regulations governing the Section 8 Program;

C.     Pursuant to 28 U.S.C. §2202, 42 U.S.C. §1983 and Fed.R.Civ.P. 65, enter a temporary restraining and both preliminary and permanent injunctions ordering Defendant to reinstate Plaintiffs' Section 8 housing assistance, and ordering Defendant to make all past due and prospective Housing Assistance Payments to Ms. Cohens' landlord;

D.     Pursuant to 28 U.S.C. §2201 and Fed.R.Civ.P. 57, enter a judgment declaring that Defendant's policy of terminating Section 8 assistance based solely on criminal charges is a violation of the Due Process Clause of the Fourteenth Amendment and the Supremacy Clause of the United States Constitution, as well as the statutes and regulations governing the Section 8 Program;

21

E.      Pursuant to 28 U.S.C. §2202, 42 U.S.C. §1983 and Fed.R.Civ.P. 65, enter a temporary restraining and both preliminary and permanent injunctions ordering Defendant to discontinue its policy of terminating Section 8 assistance based solely on criminal charges.

F.      Award Plaintiff her damages including actual and compensatory damages for any losses she incurred as a result of the termination of her participation in the Section Program;

G.      Grant Plaintiff her reasonable costs pursuant to 42 U.S.C. 1988,  and Fed.R.Civ.P 54(d), and;

H.      Grant such other and further relief as the Court deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Carol Cohens, demands trial by jury on all issues so triable.

Respectfully submitted,

LEGAL SERVICES OF GREATER MIAMI, INC.

By _____

        Ilissie Salazar, Esq.
        Florida Bar No. 0866741
        Jeffrey Hearne, Esq.
        Florida Bar No. 0512060
        Legal Services of Greater Miami, Inc.
        3000 Biscayne Boulevard, Suite 500
        Miami, FL 33137
        Telephone: (305) 438-2405
        Facsimile: (305) 573-5800
        Email: lsalazar@lsgmi.org
                jhearne@lsgmi.org

## **VERIFICATION**

I, Carol Cohens, declare as follows:

1.     I have personal knowledge of the facts set forth in the foregoing Complaint.

2.     I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 13, 2009.

Carol Cohens



# HIALEAH HOUSING AUTHORITY

**SECTION 8 DEPARTMENT**
75 EAST 6TH STREET, HIALEAH, FL 33010
PH: 305-888-9744 – FAX: 305-882-5812

BENJAMIN ALVAREZ, VICE-CHAIRMAN
FATHER JOSE PANIAGUA, COMMISSIONER
ALICIA PEREZ, COMMISSIONER
ANA WYDRA, COMMISSIONER

ALEX MORALES
EXECUTIVE DIRECTOR

**CERTIFIED MAIL NO. 7007-2680-0001-6019-8896**

July 1, 2009

Carol Cohens
5821 N.W. 7th Ave. #505
Miami, Fl 33127

Dear Ms. Cohens:

You are hereby notified that effective **July 31, 2009** your participation in the Housing Choice Voucher Program shall be terminated according to the Code of Federal Regulations and the Housing Authority's Administrative Plan. Specifically:

1. **The housing authority will terminate a family's assistance if any household member has violated the family's obligation not to engage in drug-related or violent criminal activity during the participation of the housing choice voucher program. The housing authority defines violent criminal activity as any criminal activity that has one of its elements the use, attempted use, or threatened use of physical force substantial enough to cause, or be reasonably likely to cause, serious bodily injury or property damage.**

    a. On or about March 15, 2009 you were formally charged by the Miami-Dade State Attorney's Office with aggravated battery which consists of knowingly and intentionally causing permanent disfigurement, permanent disability or great bodily harm to the alleged victim; or use of a deadly weapon, which is a weapon that is used or threatened to be used in a manner likely to cause great bodily harm or death.

Attached hereto please find copies of Miami-Dade county clerk of courts printouts of the case summary containing the aforementioned criminal charge.

If you feel that this termination is made in error you have the right to dispute the matter by requesting an informal review. Any review sought regarding this decision must be directed in writing to Alex Morales, Executive Director within ten (10) days from the date of this letter.

If your request is not received within the aforementioned time frame, you will waive your right to a hearing and our decision to terminate your assistance will become final.

Very Truly Yours,

Paulette Smith
Assistant Section 8 Director



PLAINTIFF'S
EXHIBIT

A

Miami-Dade County
Corrections - Inmate Profile System

In Custody Inmate Data

## Personal Information

**Name:** COHENS CAROL YVONNE

**Sex:** F    **Race:** B    **Eye:** BRO    **Weight:** 225 Lbs

**DOB:** 07/19/1960    **Hair:** BLK    **Height:** 5' 7"

## Booking Information

**Jail Number:** 090022003    **IDS:** 2271773    **Loc:** WDC

**Date Booked:** 03/14/2009    **Time Booked:** 15:57

## Case(s) Information

*Case Number:* F09008604    **Desc:** STANDARD BOND    **Bond:** $ 7500**

**Charge:** BATTERY/AGGRAVATED

** Bond information posted on this case/charge may not reflect the current amount. Call the detention facility for updated information.

**Disclaimer:** Information posted on this web site is provided for informational purposes only. It is subject to change and may be updated periodically. While every effort is made to ensure that the posted information is accurate, it may contain factual or other errors. Inmate information changes quickly, and the posted information may not reflect the current information. An arrest does not mean that the inmate has been convicted of the crime. Links to other sites are provided as a convenience to the user and no representation, warranty or endorsement of those sites is made by inclusion or exclusion of other web sites. The information on this web site should not be relied upon for any type of legal action. Unauthorized or illegal use of this information is strictly prohibited.



| | | | |
|---|---|---|---|
| **Court Case No.:** F09008504 | | | |
| State Case No.: 132009CF0086040001XX | Name: COHENS, CAROL YVONNE | | Date of Birth: 07/19/1960 |
| Date Filed: 03/15/2009 | Date Closed: 04/03/2009 | | Warrant Type: |
| Hearing Date: | Hearing Time: | | Hearing Type: |
| Court Room: REGJB - JUSTICE BUILDING, ROOM No.: 4-3 | | | |
| Address: 1351 N.W. 12 ST | | | |
| Next Case: | | | |
| Previous Case: | | | |
| Judge: THORNTON, JOHN W | | | |
| Defense Attorney: PUBLIC DEFENDER APPOINTMENT, ASSIGN | | | |
| Bfile Section: F015 | File Location: FILE ROOM | | Box Number: |

| Seq No.: | Charge: | Charge Type: | Disposition: |
|---|---|---|---|
| 1 | BATTERY/AGGRAVATED | FELONY | NO ACTION |





my Basket

Home    Online Services    About us    Contact us

Criminal Justice and Civil Infraction Cases - Case Dockets

Court Case No.: F-09-008604

| Seq. No. | Date | Docket |
|---|---|---|
| 13 | 05/04/2009 | NOTICE OF FAILURE TO PAY SENT |
| 13 | 04/03/2009 | PRESIDING JUDGE THORNTON, JOHN W A |
| 12 | 03/23/2009 | NOTICE OF DEFENDANT'S RIGHT TO COUNSEL |
| 11 | 03/20/2009 | INTAKE UNIT ASSIGNED: FSU - CASE SCREENING |
| 10 | 03/20/2009 | INTAKE PROS. ASSIGNED: BETTENDORF,PL KRISTI-RF |
| 9 | 03/18/2009 | DESCRIPTION ASSESSED PAID BALANCE PUE DEFEND A 50.00 0.00 50.00 TOTAL 50.00 0.00 50.00 LAST ASSESSED: 03/18/2009 LAST PAYMENT: 00/00/0000 |
| 9 | 03/17/2009 | AFFIDAVIT FOR INDIGENT STATUS - INDIGENT |
| 7 | 03/16/2009 | WRITTEN PLEA OF NOT GUILTY |
| 5 | 03/16/2009 | ACKNOWLEDGEMENT OF APPOINTMENT OF PUBLIC DEFENDER |
| 4 | 03/15/2009 | FIRST APPEARANCE/BOND HEARING - P.M. |
| 3 | 03/15/2009 | ATTORNEY TYPE APPOINTED AT BOND HEARING PUBLIC DEFENDER |
| 2 | 03/14/2009 | FIRST APPEARANCE/BOND HEARING - P.M. |
| 1 | 03/14/2009 | ARRAIGNMENT HEARING SCHEDULED FOR 04/03/2009 AT 09:00 |

NEW SEARCH CASES                                          CASE INFO   ADDITIONAL INFO

Criminal Justice Home | FAQs | Email

Home  Privacy Statement | Disclaimer  Contact Us | About Us

2009 Clerk of the Court. All Rights reserved.



CC141755

# Edison Triplex Community

Leasing Office  651 NW 58ᵗʰ Street, Miami, FL 33127 ■ Tel: 305-759-2752 ■ Fax 305-759-9802

## NOTICE OF TRESPASS AND INTENT TO PROSECUTE

**DATE:**   **March 31, 2009**
**TO:**   **Edison Triplex Residents and Guests**
**FROM:**   **The   Management**



# Name:  **Luella Vixamar**   D.O.B. **03/18/1984**
## Weight:  **unknown**  Height:  **5'2"**  Eyes:  **Brown**  Hair:  **Black**
### Car:  1993 Black 4 door Toyota Camry, Vin 4T1SK12E2PU164740, Tag#: X012CR

**Luella Vixamar IS NOT PERMITTED TO BE ON THE EDISON TRIPLEX PROPERTIES under any circumstances!**  She has been issued several Trespassing warning by Management yet she continues to visit Edison Towers. She has been known to visit the following apartments 415, 501, 505 in the 5821 building often accompanied by a little girl. Since July 2008 she has listed her address as 5821 NW 7ᵗʰ Avenue, Apt. 501 (Edison Towers) however she is not on the lease and is not a legal tenant of any of the Edison properties.

**Luella Vixamar and her minor children are PERMANENTLY and FOREVER BANNED from the Edison Triplex properties and they are not permitted to be the invited guest of any Edison Triplex tenant.**  Should you see Luella Vixamar on any of the Edison Triplex properties, please call the police immediately!  After the date of this Notice, should we find that Luella Vixamar and/or her minor children are the invited guest of ANY tenant of the Edison Triplex, then that tenant shall be evicted and charged with aiding in the illegal entry of private property.   If the car identified above is found to be on any of the Edison Triplex properties, it will be towed immediately.  Thank you. This is a very serious matter, please govern yourselves accordingly.

---

*Serving the following Residential Communities:*
- Edison Gardens I & II – 651 NW 58ᵗʰ ST. and 5900 NW 6ᵗʰ Ave., Miami, FL 33127
- Edison Terraces I & II – 675 and  655 NW 56ᵗʰ ST, Miami, FL 33127
- Edison Towers – 5821 NW 7ᵗʰ Ave., Miami, FL 33127



**PLAINTIFF'S EXHIBIT**

D

 **HIALEAH HOUSING AUTHORITY** 

HOUSING DEPARTMENT
75 EAST 6th STREET, HIALEAH, FL 33010
PH: 305-888-9744   FAX: 305-887-2216

RUTH A. TINSMAN, CHAIRPERSON
BENJAMIN ALVAREZ, VICE-CHAIRMAN
FATHER JOSE PANIAGUA, COMMISSIONER
ALICIA PEREZ, COMMISSIONER
ANA WYDRA, COMMISSIONER

ALEX MORALES
EXECUTIVE DIRECTOR

**CERTIFIED MAIL:  7007 2680 0001 6007 1366**

August 27, 2009

**Ms. Carol Cohens**
**5821 NW 7th Ave. #505**
**Miami, FL 33127**

**Re:  Tenant: 17740**

Dear Mr. Cohens:

After careful consideration of testimony and documentation provided by both parties during the Hearing on August 26, 2009 at 9:30 am, the decision has been made to **uphold** the Hialeah Housing Authority's decision to terminate your Section 8 assistance.

**Please see attached Notice of Decision.**

Sincerely,

Joel Bonilla,
Public Housing Director

Cc: Alex Morales, Executive Director
    Rosa Valladares, Section 8 Director
    Tenant File



**PLAINTIFF'S EXHIBIT**
E (4 pages)



# HIALEAH HOUSING AUTHORITY

**HOUSING DEPARTMENT**
75 EAST 6TH STREET, HIALEAH, FL 33010
PH: 305-888-9744 – FAX: 305-887-2216



JULIO PONCE, CHAIRMAN
BENJAMIN ALVAREZ, VICE-CHAIRMAN
FATHER JOSE PANIAGUA, COMMISSIONER
ALICIA PEREZ, COMMISSIONER
ANA WYDRA, COMMISSIONER

ALEX MORALES
EXECUTIVE DIRECTOR

## Notice of Decision of Hearing

Appellant Name:  Carol Cohens

Address:  5821 NW 7th Ave. #505

Miami, FL 33127

Tenant #        17740

Date of Hearing        8/26/2009

Program / Department        Section 8 Tenant

### Individuals Present at Conference

| Name | Capacity |
|---|---|
| 1) Joel Bonilla | Hearing Officer |
| 2) Nicole Bates | HHA Representative |
| 3) Lissie Salazar | Attorney at Law |
| 4) Carol Cohens | Section 8 Tenant |
| 5) | |
| 6) | |
| 7) | |
| 8) | |

## 1. General

This hearing was held on the above date pursuant to federal regulations and applicable rules and procedures of the Hialeah Housing Authority ACOP or Administrative Plan. The hearing was held at the request of the Applicant/Tenant for a hearing to consider whether the Hialeah Housing Authority's determination relating to the Applicant/Tenant is in accordance with the law, HUD regulations, and Hialeah Housing Authority policies.

## 2. Decision Reviewed

- [ ] Denial of Section 8 Application
- [ ] Denial of Public Housing Application
- [xxxx] Termination of Section 8 Participation
- [ ] Termination of Public Housing Participation
- [ ] Other: _____

## 3. Evidence Presented

| Note 1 | Termination letter via certified mail dated 2/9/09. |
| --- | --- |
| Note 2 | Miami Dade County Clerk Criminal printout(Carol Cohens-Battery/Aggravated). |
| Note 3 | HHA's Exhibits 1-8. |
| Note 4 | Legal Service's Exhibits 1 & 2. |
| Note 5 | Ms. Cohens testimony. |
| Note 6 | |

Both parties were provided the opportunity to present evidence and question witnesses.  Evidence was considered without regard to admissibility under the rules of evidence applicable to judicial proceedings. Factual determinations inherent in this decision are based upon a preponderance of the evidence and upon the Hearing Officer's assessment of the credibility of the witnesses.

After careful review of the documents submitted and the testimony of the witnesses for the Applicant/Tenant and for the Authority I have determined:

| xxxx | to uphold the determination of the housing authority |
| --- | --- |
|  | to reverse the decision of the housing authority |

**4. Decision**

## Statement of Reasons for Decision

| | |
|---|---|
| **Finding 1** | Ms. Cohens was unable to provide documentation or mitigating circumstances that showed she was not involved in any criminal activity which subsequently led to her arrest. |
| **Finding 2** | Ms. Cohens was involved in violent Criminal Activity which resulted in her being arrested on March 14, 2009. |
| **Finding 3** | §982.553(c) Evidence of criminal activity. The PHA may terminate assistance for criminal activity by a household member as authorized in this section if the PHA determines, based on a preponderance of the evidence, that the household member has engaged in the activity, regardless of whether the household member has been arrested or convicted for such activity. |
| **Finding 4** | |
| **Finding 5** | |
| **Finding 6** | |

## 5. Rehearing or Further Hearing

Under the Authority's Administrative Plan, within fifteen (15) business days of the date of the mailing of this decision either the Authority or the Applicant/Tenant may request a rehearing or further hearing. The request must be in writing and must be post-marked or hand delivered to the hearing officer and the other party within the fifteen (15) day period. The request must demonstrate cause supported by specific references to the Hearing Officer's decision as to why the request should be granted. The rehearing or further hearing may be requested for the purpose of rectifying any obvious mistake of law made during the hearing or any obvious injustice not known at the time of the hearing. It shall be within the sole discretion of the housing authority to grant or deny the request for further hearing or rehearing. A further hearing may be limited to written submissions by the parties in the matter specified by the hearing officer.

Submitted by: **Joel Bonilla**

Signature _____    Date: 8/27/09



# LEGAL SERVICES OF GREATER MIAMI, INC.

Chesterfield Smith Center for Equal Justice
3000 Biscayne Boulevard, Suite 500 • Miami, Fl 33137-4129
Direct Line: (305) 438-2405  •  Fax: (305) 573-5800  •  TDD: (305) 573-1578
LSalazar@lsgmi.org  •  www.lsgmi.org

**JOHN W. McLUSKEY**
President

**BENJAMIN L. REISS**
1st Vice President

**YANICK LANDESS**
2nd Vice President

**GARRETT J. BIONDO**
Treasurer

**GISELA M. MUNOZ**
Secretary

**DARRELL PAYNE**
Immediate Past President

**MARCIA K. CYPEN**
Executive Director

September 10, 2009

<u>VIA FAX AND US MAIL</u>
Mr. Charles Citrin, Esq.
Citrin & Walker
300 71st Street, Suite 300
Miami Beach, Florida 33141-3075
Fax (305) 861-0032

<u>VIA FAX AND US MAIL</u>
Mr. Alex Morales, Executive Director
Hialeah Housing Authority
75 East 6th Street
Hialeah, FL 33010
Fax (305) 887-2216

**Re:**        **Carol Cohens, Tenant No. 17740**

**Subject:**    **Request to Reject Decision of Hearing Officer and Issue a New Determination**
              **Request for Continued Payment of Subsidy**

Dear Mr. Citrin and Mr. Morales:

Pursuant to 24 C.F.R. 982.555, a housing authority is not bound by a hearing officer's decision and may issue a new determination if it finds that the hearing officer's decision is contrary to HUD regulations, or to federal, state, or local law.  A copy of the federal regulation is attached as **Exhibit A.**

We are writing to request that the Hialeah Housing Authority (HHA) reject the August 27, 2009, Notice of Decision of Hearing issued by Joel Bonilla and issue a new determination finding that Ms. Cohens' Section 8 participation and subsidy will continue.

We further request that HHA continue paying Ms. Cohens' subsidy pending a final resolution to this matter.

## INTRODUCTION



⊣⊢ LSC

PASSIONATELY COMMITTED TO EQUAL JUSTICE

Page 1 of 5

Ms. Cohens has been a participant in HHA's Section 8 Program since 1995 without incident. She has lived in an apartment at Edison Towers for the past 12 years without incident. She is 49 year old, lives alone, and has no prior criminal history.

On March 13, 2009, while riding in an elevator at Edison Towers, Ms. Cohens was attacked by a trespasser on the property. Trapped in a moving elevator, Ms. Cohens had no choice but to fight back in self defense. The following day, the police and the attacker came to her apartment. Based on the attacker's false allegations, Ms. Cohens was arrested and charged with aggravated battery. The charges, however, were dropped within a few weeks.

Ms. Cohens voluntarily notified the HHA of her arrest. On July 1, 2009, HHA issued a notice stating that her participation would be terminated as of July 31, 2009. The notice states that Ms. Cohens' participation is being terminated because she was formally charged with aggravated battery on March 15, 2009. A copy of the July 1, 2009 termination notice is attached as **Exhibit B**.

Ms. Cohens promptly requested a hearing to appeal the termination. The hearing was held on August 26, 2009 before a hearing officer, Joel Bonilla. Ms. Nicole Bates represented the HHA, and presented only one witness - Ms. Paulette Smith, HHA's Section 8 Assistant Manager. I represented Ms. Cohen and presented two witnesses - Ms. Cohens, and her neighbor, Ms. Jannette Gracy.

A Notice of Decision of Hearing was issued on August 27, 2009 upholding HHA's decision to terminate. A copy of the August 27, 2009, Notice of Decision of Hearing is attached as **Exhibit C**.

Ms. Cohens is currently unemployed and has no income. Without her subsidy, Ms. Cohens will be homeless.

## EVIDENCE PRESENTED

HHA presented the following evidence:

- HHA submitted a printout from the Miami Dade County Corrections Department website showing that Ms. Cohens was charged with aggravated battery on March 14, 2009 (attached as **Exhibit D**).

- HHA submitted a printout from the Miami Dade County Clerk of Courts' website showing that the aggravated battery charge was dismissed with No Action and the case was closed on April 3, 2009 (attached as **Exhibit E**).

- Paulette Smith testified that Ms. Cohens came to HHA's Section 8 office and informed her that she was in a fight and got arrested. Ms. Smith testified that *because of the arrest*, she was required to terminate Ms. Cohens' participation. In cross examination, Ms. Smith confirmed that Ms. Cohens' admissions were limited to two factual statements: 1) she was in a fight, and 2) she was arrested. *Notably, Ms. Smith did not testify that Ms. Cohens admitted to engaging in criminal activity.*

Ms. Cohens presented the following evidence:

- Ms. Cohens testified that she was attacked by Luella Vixamar while riding on an elevator at Edison Towers on March 13, 2009. Ms. Cohens' testified that she was on the elevator with her neighbor, Jannette Gracy. The elevator made a stop and Ms. Vixamar entered with a friend. Ms. Viaxmar started grinning, charged at Ms. Cohens, and hit Ms. Cohens in the nose. Ms. Cohens

fought back in self defence. Ms. Cohens further testified that she went to the police department the next morning, but was not allowed to make a police report. Rather, she was told that she had to wait 7 to 10 days for a public safety officer to contact her to make the report. Later that day, the police and Ms. Vixamar came to her apartment. The police explained that they were arresting her based on Ms. Viaxmar's allegations. After spending several days in jail, she was released without bond and the charges were dropped. Ms. Cohens further testified that Ms. Vixamar is a violent young girl with a history of starting fights with Edison Towers residents.

• Ms. Gracy testified that she witnessed the attack on the elevator. Ms. Gracy described how Vixamar initiated the attack, hitting Ms. Cohens without any provocation. Ms. Gracy further testified that Ms. Vixamar lived next door to her for about one year, and she knew her to be a violent and dangerous person. Ms. Gracy testified that she saw Ms. Vixamar cursing loudly at elderly residents, saw Ms. Viaxmar spray mace on a resident, and saw Ms. Vixamar attempt to run over a resident with her car.

• Ms. Cohens submitted a copy of a Notice of Trespass and Intent to Prosecute issued by Edison Towers on March 31, 2009 stating that Ms. Vixamar "has been issued several trespassing warnings by management but continues to visit Edison Towers" (attached as **Exhibit F**).

## ARGUMENT

In this case, the hearing officer's decision is contrary to HUD regulations and to federal law for the following reasons:

### 1.   HHA did not present prima facie evidence that Ms. Cohens engaged in criminal activity.

In *Basco v. Machin*, 514 F.3d 1177, the Eleventh Circuit Court of Appeals unequivocally held that the Public Housing Authority bears the burden of persuasion at an informal administrative hearing regarding whether a Section 8 participant's housing subsidy should be terminated. A copy of the case is attached as **Exhibit G**.

Pursuant to the Eleventh Circuit's decision in *Basco*, HHA was required to present sufficient evidence to establish a prima facie case that Ms. Cohens engaged in violent criminal activity. Violent criminal activity means any criminal activity that has as one of its elements the use, attempted use, or threatened use of physical force substantial enough to cause or be reasonably likely to cause, serious bodily injury or property damage. *See* 24 CFR §5.100 (attached as **Exhibit H**).

As stated above, the only evidence HHA presented to meet this burden was computer printouts showing Ms. Cohens was charged with aggravated battery and the charges were later dropped, and Ms. Smith's testimony that Ms. Cohens admitted to being in a fight and getting arrested. Clearly, this evidence does not establish that Ms. Cohens engaged in violent criminal activity.

The mere fact that Ms. Cohens was arrested and charged with aggravated battery does not establish that she engaged in violent criminal activity, especially in light of the fact that the charges were promptly dismissed.

The United States Supreme Court's holding in Schware v. Board of Examiners, 353 U.S. 232, clearly states:

> "The mere fact that a man was arrested has very little, if any, probative value in showing that he engaged in any misconduct. An arrest shows nothing more than that someone

probably suspected the person apprehended of an offense. When formal charges are not filed and he is released without trial, whatever probative force the arrest may have is normally dissipated."

In Utz v Culliane, 520 F2d 467, the District of Columbia Circuit Court of Appeals made the point even more strongly. It held:

"Charges resulting in acquittal clearly have no legitimate significance. Likewise, other charges which the government fails or refuses to press, or which it withdraws, are entitled to no greater legitimacy. They lose any tendency to show probable cause and should not be bootstrapped into any unearned and undeserved significance. Actually, a collection of dismissed, abandoned or withdrawn arrest records are not more than gutter rumors when measured against any standards of constitutional fairness to an individual and, along with records resulting in an acquittal, are not entitled to any legitimate law enforcement credibility whatsoever."

Further, Ms. Smith's testimony does not constitute prima facie evidence that Ms. Cohens engaged in violent criminal activity. In stating that she was "in a fight", Ms. Cohens did not admit to any violent crime. "Fighting" is justified when a person reasonably believes that such conduct is necessary to defend himself or herself against the immanent use of unlawful force. *See* Fla. Stat. § 776.012 (attached as **Exhibit I**).

Ms. Smith did not witness the fight. Therefore, she has no first hand knowledge of whether Ms. Cohens was the aggressor who initiated the fight, or whether Ms. Cohens was the victim of an unprovoked attack. As a result, Ms. Smith's testimony is not sufficient to make a prima facie case that Ms. Cohens engaged in violent criminal activity.

In sum, HHA failed to meet its burden of presenting prima facie evidence that Ms. Cohens engaged in violent criminal activity. Notably, in his decision, the hearing officer failed to articulate what evidence, if any, he relied on in finding that she did engage in violent criminal activity. This omission further emphasizes the paucity of evidence presented by HHA, and lends strong support to our contention that the decision is contrary to federal law and must be rejected.

2.     **The Hearing Officer impermissibly placed the burden on Ms. Cohens to prove that she did not engage in violent criminal activity.**

As stated above, the hearing officer provides no explanation regarding the evidence he relied on in finding that Ms. Cohens engaged violent criminal activity. Rather, the decision states that "Ms. Cohens was unable to provide documentation or mitigating circumstances that showed she was not involved in any criminal activity which subsequently led to her arrest."

Therefore, on its face, the decision is contrary to the law because it impermissibly shifts the burden onto Ms. Cohens to prove that she did not engage in criminal activity.

3.     **The Hearing Officer ignored the testimony of the only neutral witness at the hearing.**

In his decision, the hearing officer listed the "Individuals Present" and the "Evidence Presented" at the hearing. Notably, Ms. Jannette Gracy, the only neutral witness with first hand knowledge of the facts that led to Ms. Cohens' arrest, is not listed in either section. This glaring omission clearly indicates that the hearing officer ignored probative evidence presented by Ms. Cohens. As a result, the decision is wrong on its face, and must be rejected.

4.     **The preponderance of the evidence clearly establishes that Ms. Cohens did not engage in violent criminal activity.**

HUD regulations clearly state that factual determinations shall be based on the preponderance of the evidence. *See* 24 C.F.R. 982.555(e)(6) (attached as **Exhibit J**). In this case, the paucity of evidence presented by HHA must be weighed against the substantial, probative evidence presented by Ms. Cohens.

Ms. Cohens, who has first hand knowledge of the facts and circumstances that led to her arrest, clearly testified that she was the victim of an unprovoked attack in a moving elevator, that she had no choice but to fight back in self defense, that the attacker had a history of violence on the premises an had been issued several Trespassing Warnings before this attack, and that she has never been arrested or charged with any crime prior to this event.

Moreover, Ms. Cohens' testimony was fully corroborated by Jannette Gracy, who also witnessed the attack. Ms. Gracy also provided detailed testimony about the violent nature of attacker, who lived next door to Ms. Gracy for about one year.

In sum, any evidence presented by HHA was clearly outweighed by the evidence presented by Ms. Cohens. As a result, the decision is contrary to federal law and must be rejected.

## CONCLUSION

For these reasons, we respectfully request that you reject the hearing officer's decision and issue a new determination finding that Ms. Cohens' participation in HHA's section 8 Program will continue, as there is insufficient evidence that she engaged in violent criminal activity.

We further request that HHA continue paying Ms. Cohens' subsidy pending a final resolution to this matter.

**Please respond no later than Friday, September 18, 2009. Otherwise, we will immediately pursue further legal action.**

Thank you for your time and assistance.

Sincerely,

Lissie Salazar
Staff Attorney

Enc.: Exhibits A - J, as stated above.

# CIVIL COVER SHEET

&JS 44 (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**09-23079**

## I. (a) PLAINTIFFS

Carol Cohens

**CIV - HUCK**

**DEFENDANTS**

Hialeah Housing Authority, and Alex Morales, Julio Ponce, Alicia Perez, Jose Luis Paniagua, Benjamin Alvarez and Ana Wydra, in

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

**MAGISTRATE JUDGE**
**O'SULLIVAN**

Lissie Salazar, Esq.
Legal Services of Grater Miami, Inc.
3000 Biscayne Blvd., Ste 500
Miami, Fl 33137 (305) 438-2405

Attorneys (If Known)

Charles Citrin, Esq.
300 71st Street, Suite 300

FILED by ___ D.C.
INTAKE
OCT 14 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

**09-cv-23079-Huck /O'Sullivan**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/Accommodations | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | **Habeas Corpus:** | **IMMIGRATION** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 530 General | ☐ 462 Naturalization Application | |
| | | ☐ 535 Death Penalty | ☐ 463 Habeas Corpus-Alien Detainee | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):    JUDGE ___    DOCKET NUMBER ___

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

42 U.S.C. § 1983. Claim for violation of Due Process and Federal Law.

LENGTH OF TRIAL via 1 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ UNKNOWN
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD ___

DATE  10/14/09

FOR OFFICE USE ONLY
AMOUNT $ 350.    RECEIPT # 100994:2
10/14/09