IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CAROL COHENS

    Plaintiff,

v.

HIALEAH HOUSING AUTHORITY, ALEX
MORALES, JULIO PONCE, ALICIA PEREZ,
JOSE LUIS PANIAGUA, BENJAMIN ALVAREZ
and ANA WYDRA,

    Defendant.
_____/

Case No. **09-23079**
Injunctive Relief Requested

**CIV - HUCK**
MAGISTRATE JUDGE
O'SULLIVAN

FILED by AJS D.C.
INTAKE
OCT 14 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION**

I.    **INTRODUCTION AND NEED FOR EMERGENCY RELIEF**

Carol Cohens, a 49 year old, single woman with no prior criminal history, is now facing homelessness because Defendants improperly terminated her Section 8 Housing Assistance in violation of the Due Process Clause of the Fourteenth Amendment and federal law. Ms. Cohens' termination was based solely on a criminal charge that was promptly dismissed, which was the result of a false accusations by a woman who attacked Ms. Cohens in the elevator of her apartment complex. At the termination hearing, Defendant's hearing officer upheld the termination and ignored evidence, shifted the burden of proof to Ms. Cohens, and allowed an

1

arrest to substitute for actual evidence of criminal activity.

As a result, Ms. Cohens seeks emergency temporary and preliminary injunctive relief "to preserve the status quo during the course of litigation in order to prevent irreparable injury to the moving party and in order to render complete relief." *See Federal Leasing, Inc. v. Underwriter's at Lloyd's*, 487 F. Supp. 1248, 1259 (D. Md. 1980), order aff'd, 650 F.2d 295 (4th Cir. 1981); see also *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

Ms. Cohens needs emergency temporary and preliminary injunctive relief to avoid homelessness. Ms. Cohens is currently unemployed and has no income. As a result, she is unable to pay her rent and relies on HHA's Section 8 Program to make timely rent payments to her landlord. After HHA wrongfully terminated Ms. Cohens' participation in the Section 8 Program, HHA stopped making rent payments to Ms. Cohens' landlord. A Complaint for eviction is now pending in the County Court, and Ms. Cohens' landlord is alleging non payment of rent. Under the Florida Residential Landlord and Tenant Act, a Landlord is entitled to a default judgement if the tenant fails to post rent while the eviction is pending. *See* Fla. Stat. § 83.60(2). Therefore, absent intervention by this Court, Ms. Cohens will be forced to vacate her home of 12 years and will become homeless.

Ms. Cohens is entitled to a temporary restraining order and preliminary injunction because she is "likely to suffer irreparable injury if [such] relief is denied [and] there is either (1) a likelihood for success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the [plaintiff's] favor." *See In re Feit & Drexler, Inc.*, 760 F.2d 406 (2nd Cir. 1985) (quoting *Procter & Gamble, Co. v. Cheesebrough-Pond's, Inc.*, 747 F.2d 114, 118 (2nd Cir. 1984)).

2

II.  **ARGUMENT**

**Ms. Cohens is entitled to an emergency temporary restraining order and preliminary injunction requiring the HHA to reinstate her participation in the Section 8 Program.**

    A.  **The Standard For Issuance Of A Preliminary Injunction.**

In ruling on a motion for a preliminary injunction, the court examines four factors:

    (1) Substantial likelihood that the movant will ultimately prevail on the merits;

    (2) The threat that the movant will suffer irreparable harm;

    (3) Whether the threatened injury to the movant outweighs the potential harm to the opposing party; and

    (4) Whether the injunction, if issued, would be adverse to the public interest. *See All Care Nursing Serv., Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (citing *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988); (citing *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983))).

    B.  **There is a substantial likelihood that Ms. Cohens will prevail on the merits of the case.**

As outlined in the Verified Complaint and the Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Defendants terminated Ms. Cohens' participation in the Section 8 Program without any substantial, probative evidence to support the termination. Defendants' actions constitute a violation of the Due Process Clause of the Fourteenth Amendment and federal law and entitles Ms. Cohens to prevail on the merits.

Ms. Cohens' right to continued Section 8 assistance is a property right protected by Due Process Clause of the Fourteenth Amendment. In *Goldberg v. Kelly*, 397 U.S. 254 (1970), the

Supreme Court found welfare benefits to be statutory entitlement and, thus, a property interest requiring due process before deprivation. Similar protections have consistently been extended to recipients of housing benefits. See *Escalera v. New York City Housing Authority*, 425 F.2d 853, 861 (2d Cir. 1970), cert. denied, 400 U.S. 853 (1971). Most recently, the 11th Circuit in *Basco v. Machin*, 514 F.3d 1177 (11th Cir. 2008) and *Ervin v. Housing Authority of Birmingham Dist.*, 281 Fed.Appx. 938 (11th Cir. 2008), applied the *Goldberg* due process requirements to Section 8 voucher terminations.

The Due Process Clause of the Fourteenth Amendment and federal law requires that any hearing decision be based on a preponderance of the evidence presented at the hearing. *Basco*, 514 F.3d at 1182; 24 C.F.R. § 982.555 (Factual determinations in a hearing decision shall be based on a preponderance of the evidence). In this case, Defendants were required to prove that Ms. Cohens engaged in criminal activity by a preponderance of the evidence. *See* 24 C.F.R. § 983.553(c) (A PHA may terminate assistance if the PHA determines, based on a preponderance of the evidence, that the Section 8 participant has engaged in criminal activity); Defendants' sole witness testified that the only evidence she had regarding whether Ms. Cohen engaged in criminal activity were the online records showing Ms. Cohens was arrested for aggravated battery where the charges were later dropped, as well as Ms. Cohens' statement that she had been in a fight. *See* Transcript of Hearing, pages 9 - 14. Ms. Cohens presented substantial, probative evidence, including her own testimony and the corroborating testimony of Ms. Janette Gracy, regarding their first hand knowledge of the events that led to Ms. Cohen's arrest, namely an unprovoked attack in which Ms. Cohens was forced to fight back in self defense. *See* Transcript of Hearing, pages 14 - 46. Defendants presented no evidence to dispute that Ms. Cohens acted in

self-defense. *See* Transcript of Hearing. Therefore, Defendants' decision to terminate Ms. Cohens' participation in the Section 8 Program is a clear violation of the Due Process Clause of the Fourteenth Amendment and federal law, as Defendants failed to meet its burden to prove that Ms. Cohens engaged in criminal activity by a preponderance of the evidence. *See Schware v. Board of Examiners*, 353 U.S. 232, 241 (1957) ("The mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct."); *see also Utz v Culliane*, 520 F2d 467, 478 (D.C. Cir. 1975) ("An arrest record, without more, is a fact that is absolutely irrelevant to the question of an individual's criminal culpability."); *see also Fla. Stat.* § 776.012 (Fighting is justified when a person reasonably believes that such conduct is necessary to defend himself or herself against the immanent use of unlawful force.).

The Due Process Clause of the 14th Amendment and federal law requires that any hearing decision specify the evidence relied on in finding that a termination was proper. See 24 C.F.R. § 982.555(e)(6); see also 49 Fed.Reg. 62 at 12,230 (March 29, 1984) ("The statement of decision required by the regulation must be truly informative as to the reasons for the decision. This would include a short statement of the elements of fact or law on which the decision is actually based. A bare and conclusory statement of the hearing decision, that does not let the participant know the basic reasons for the decision, will not satisfy the regulatory requirement."); see *also Brantley v. West Valley City Housing Authority*, 2009 WL 301820 at 5 (D. Utah 2009) (finding that a decision terminating Section 8 assistance fell short of due process standards because "The decision makes a reference to documentation, but does not identify anything in particular. There is no application of the facts or mention of Plaintiff's arguments. The hearing officer provides only a conclusory statement of the decision with no reasons to support it. Moreover, based on

the facts before this court, Defendant presented little, if any, evidence at the hearing. Defendant relied on its position that the state criminal proceedings met the preponderance of the evidence requirement. Defendant did not state what the evidence was, what the police reports stated, or what witnesses stated. Defendant and the hearing officer only acknowledged that there were criminal charges pending against Plaintiff."); see also *Edgecomb v. Housing Authority of Town of Vernon*, 824 F.Supp. 312, 316 (D. Conn. 1993) (finding that a hearing officer's statement that there was a preponderance of the evidence of criminal activity was conclusory and had to be considered insufficient and that the decision "did not state the elements of fact or law on which the decision to uphold the termination of assistance was based. Nor did the hearing officer specify the reasons for her determination or indicate the evidence on which it rested."); see also *Costa v. Fall River Housing Authority*, 881 N.E.2d 800, 810 (Mass. App. Ct. 2008) (finding a decision deficient because it merely referred to a police report and newspaper article and contained no reference to legal standards or to the information submitted by the recipient.); see also *Driver v. Housing Authority of Racine County*, 713 N.W.2d 670, 678 (Wis. App. 2006) (finding that a decision fell "appallingly short of the mark" because it contained no facts related to the incidents giving rise to the termination decisions, did not mention any specific evidence the hearing officers relied on, did not state the elements of law motivating the conclusion, cited no policy, regulation, or other authority indicating what a family obligation is or how the plaintiff's acts or omissions failed to meet the pertinent legal requirements."). In this case, Defendants' decision was legally insufficient as the hearing officer provides no explanation regarding the evidence he relied on in finding that Ms. Cohens engaged violent criminal activity. Rather, the decision states that "Ms. Cohens was unable to provide documentation or mitigating

6

circumstances that showed she was not involved in any criminal activity which subsequently led to her arrest." *See* **Exhibit E.** Further the decision contains no mention of the testimony presented by Ms. Jannette Gracy, the only neutral witness with first hand knowledge of the facts that led to Ms. Cohens' arrest. *See* **Exhibit E.** Therefore, Defendants' decision to terminate Ms. Cohens participation in the Section 8 Program is a clear violation of the Due Process Clause of the Fourteenth Amendment and federal law, as Defendants failed to issue a legally sufficient hearing decision.

The Due Process Clause of the Fourteenth Amendment and federal law state that a Public Housing Authority (hereinafter "PHA") may terminate assistance if the PHA determines, by a preponderance of the evidence, that the participant has *engaged in* criminal activity. *See* 24 C.F.R. § 983.553(c) (A "PHA may terminate assistance if the PHA determines, *based on a preponderance of the evidence,* that the Section 8 participant has *engaged in* criminal activity" (emphasis added). Defendants' policy is to terminate assistance based solely on the fact that a participant was charged with a violent crime, regardless of whether the participant actually engaged in violent criminal activity. *See* Transcript of Hearing, at page 10. ("Our policy [is] to send a termination letter because the nature of the charge."); *see id.* at page 11 ("I told her because she came in earlier than, you know, her recertification date I was, you know, glad she notified us ahead of time. However, she could wait until she get her recertification appointment and we would at that time find out that she was charged and we would have to give her a termination letter."); *see id.* at page 13 ("It doesn't matter what the outcome of the charge is. Its just the fact knowing that you got charged with the crime we can terminate assistance.").

Defendant's policy of terminating assistance based solely on criminal charges, regardless of the outcome of these charges, clearly violates the Due Process Clause of the Fourteenth Amendment and federal law.

The Due Process Clause of the Fourteenth Amendment and federal law require that a PHA provide an informal hearing officer to conduct termination hearings. *See Goldberg,* 397 U.S. at 271; 42 U.S.C. § 1437d(k)(2). As stated above, Defendants failed to present any substantial, probative evidence that Ms. Cohens engaged in criminal activity at the hearing. Ms. Cohens, however, presented substantial, probative evidence, including her testimony and the corroborating testimony of Ms. Janette Gracy, regarding their first hand knowledge of the events that led to Ms. Cohen's arrest, namely an unprovoked attack in which Ms. Cohens was forced to fight back in self defense. The hearing officer's decision fails to state what evidence, if any, he relied on in determining that Ms. Cohens engaged in criminal activity. *See* Notice of Hearing Decision, attached as **Exhibit E**. Rather, the hearing officer's decision states, "Ms. Cohens was unable to provide documentation or mitigating circumstances that showed she was not involved in any criminal activity which subsequently led to her arrest." *Id.* Further, the decision contains no mention of Ms. Jannette Gracy, the only neutral witness with first hand knowledge of the facts that led to Ms. Cohens' arrest. *Id.* Notably, the hearing officer is employed by HHA as its Director of Operations. When considered together, these facts strongly support the conclusion that the hearing officer has a strong bias in favor of HHA. This is a clear violation Ms. Cohens' rights under the Due Process Clause of the Fourteenth Amendment and federal law.

Because this is well-settled law and there are few disputed facts, there is a substantial likelihood that Ms. Cohens will prevail on the merits of the case.

8

### C. If the temporary restraining order and preliminary injunction is not granted, Ms. Cohens will suffer irreparable harm.

Defendants' termination of Ms. Cohens' participation in the Section 8 Program is comparable to the termination of other forms of welfare benefits. It has been held that for people at the economic margin of existence, the substantial loss of benefits cannot be made up by the later entry of a monetary judgment and therefore constitutes irreparable harm. See *Chu Drua Cha v. Levine*, 696 F.2d 594, 599 (8th Cir. 1982).

In addition and more specifically, Ms. Cohens will suffer irreparable harm through homelessness. Denial of a motion that will leave the moving party homeless constitutes irreparable injury. See *Basham v. Freda*, 805 F.Supp. 930, 932 (M.D. Fla. 1992). Ms. Cohens is currently unemployed and has no income with which to pay rent. Ms. Cohens' landlord has already filed a Complaint for Eviction, and is alleging non payment. Under the Florida Residential Landlord and Tenant Act, a Landlord is entitled to a default judgement if the tenant fails to post rent while the eviction is pending. *See* Fla. Stat. § 83.60(2). As a result, the preliminary injunction is necessary to prevent irreparable harm to Ms. Cohens.

### D. The threat of eviction and the danger of becoming homeless outweighs the potential harm to Defendants.

Defendants will not be prejudiced if the Court orders HHA to pay the Housing Assistance Payments to Ms. Cohens' landlord. Housing Assistance Payments are paid using federal funds specifically designated for such use and HHA is under an obligation to make these payments until a participant is properly terminated. The potential and realized homelessness of Ms. Cohens far outweighs any loss or prejudice to Defendants.

### F. There is no adverse effect on public interest.

The Section 8 Housing Program exists for the "purpose of aiding lower income families in obtaining a decent place to live." See 42 U.S.C. §1437f. The denial of Ms. Cohens' request for a preliminary injunction will force Ms. Cohens into indefinite homelessness. This would clearly contradict the declared housing policy of the United States. It is in the public interest to support the national housing policy by granting Ms. Cohens' Motion for Preliminary Injunction so as to ensure she has a place to live.

### G. Waiver of Bond.

Rule 65(c), Federal Rules of Civil Procedure, generally requires that an applicant for a preliminary injunction give security "in such sum as the court deems proper" for costs and damages which may be occurred by any party who will be wrongfully enjoined. Courts routinely waive the payment of surety when the applicant for the restraining order is indigent. See *Campos v. I.N.S.*, 70 F.Supp.2d 1296, 1310 (S.D.Fla. 1998); *Smith v. Board of Election Com'rs for City of Chicago*, 591 F.Supp. 70, 71 (D.C. Ill. 1984); *Crowley v. Local No. 82, Furniture and Piano Moving, Furniture Store Drivers, Helpers, Warehousemen, and Packers*, 679 F.2d 978, 1000 (C.A. Mass. 1982); *Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 567 F.2d 692, 701 (7th Cir. 1977); *Bartels v Biernat*, 405 F. Supp. 1012, 1019 (E.D. Wis. 1975); *Bass v. Richardson*, 338 F. Supp. 478 (S.D.N.Y. 1971); *Denny v. Health and Social Services Board of State of Wisconsin*, 285 F. Supp. 526, 527 (E.D. Wis. 1968). Since Ms. Cohens is indigent, the bond should be waived.

### III. CONCLUSION

In order to preserve the status quo and to prevent Ms. Cohens from being evicted, Defendants must be required to immediately pay all past due Housing Assistance Payments to Ms. Cohens' landlord, and to continue to pay the Housing Assistance Payments to Ms. Cohens' landlord during the pendency of this lawsuit. For the foregoing reasons, we respectfully request that this motion be granted and the temporary restraining order and preliminary injunction be entered.

Respectfully submitted,

LEGAL SERVICES OF GREATER MIAMI, INC.

By _____
Lissie Salazar, Esq.
Florida Bar No. 866741
Jeffrey Hearne, Esq.
Florida Bar No. 0512060
Legal Services of Greater Miami, Inc.
3000 Biscayne Boulevard, Suite 500
Miami, FL 33137
Telephone: (305) 438-2405
Facsimile: (305) 573-5800
Email: lsalazar@lsgmi.org
        jhearne@lsgmi.org

 **HIALEAH HOUSING AUTHORITY** 

HOUSING DEPARTMENT
75 EAST 6th STREET, HIALEAH, FL 33010
PH: 305-888-9744   FAX: 305-887-2210

RUTH A. TINSMAN, CHAIRPERSON
BENJAMIN ALVAREZ, VICE-CHAIRMAN
FATHER JOSE PANIAGUA, COMMISSIONER
ALICIA PEREZ, COMMISSIONER
ANA WYDRA, COMMISSIONER

ALEX MORALES
EXECUTIVE DIRECTOR

**CERTIFIED MAIL: 7007 2680 0001 6007 1366**

August 27, 2009

**Ms. Carol Cohens**
**5821 NW 7th Ave. #505**
**Miami, FL 33127**

**Re: Tenant: 17740**

Dear Mr. Cohens:

After careful consideration of testimony and documentation provided by both parties during the Hearing on August 26, 2009 at 9:30 am, the decision has been made to **uphold** the Hialeah Housing Authority's decision to terminate your Section 8 assistance.

**Please see attached Notice of Decision.**

Sincerely,

Joel Bonilla,
Public Housing Director

Cc: Alex Morales, Executive Director
    Rosa Valladares, Section 8 Director
    Tenant File



PLAINTIFF'S EXHIBIT
E (4 pages)

 HIALEAH HOUSING AUTHORITY 

HOUSING DEPARTMENT
75 EAST 6TH STREET, HIALEAH, FL 33010
PH: 305-888-9744 – FAX: 305-887-2216

JULIO PONCE, CHAIRMAN
BENJAMIN ALVAREZ, VICE-CHAIRMAN
FATHER JOSE PANIAGUA, COMMISSIONER
ALICIA PEREZ, COMMISSIONER
ANA WYDRA, COMMISSIONER

ALEX MORALES
EXECUTIVE DIRECTOR

# Notice of Decision of Hearing

Appellant Name: Carol Cohens  
Address: 5821 NW 7th Ave. #505  
Miami, FL 33127

Tenant #: 17740  
Date of Hearing: 8/26/2009  
Program / Department: Section 8 Tenant

## Individuals Present at Conference

| Name | Capacity |
| --- | --- |
| 1) Joel Bonilla | Hearing Officer |
| 2) Nicole Bates | HHA Representative |
| 3) Lissie Salazar | Attorney at Law |
| 4) Carol Cohens | Section 8 Tenant |
| 5) | |
| 6) | |
| 7) | |
| 8) | |

## 1. General

This hearing was held on the above date pursuant to federal regulations and applicable rules and procedures of the Hialeah Housing Authority ACOP or Administrative Plan. The hearing was held at the request of the Applicant/Tenant for a hearing to consider whether the Hialeah Housing Authority's determination relating to the Applicant/Tenant is in accordance with the law, HUD regulations, and Hialeah Housing Authority policies.

## 2. Decision Reviewed

☐ Denial of Section 8 Application  
☐ Denial of Public Housing Application  
[xxxx] Termination of Section 8 Participation  
☐ Termination of Public Housing Participation  
☐ Other: _____

## 3. Evidence Presented

| | |
|---|---|
| **Note 1** | Termination letter via certified mail dated 2/9/09. |
| **Note 2** | Miami Dade County Clerk Criminal printout(Carol Cohens-Battery/Aggravated). |
| **Note 3** | HHA's Exhibits 1-8. |
| **Note 4** | Legal Service's Exhibits 1 & 2 |
| **Note 5** | Ms. Cohens testimony. |
| **Note 6** | |

Both parties were provided the opportunity to present evidence and question witnesses. Evidence was considered without regard to admissibility under the rules of evidence applicable to judicial proceedings. Factual determinations inherent in this decision are based upon a preponderance of the evidence and upon the Hearing Officer's assessment of the credibility of the witnesses.
After careful review of the documents submitted and the testimony of the witnesses for the Applicant/Tenant and for the Authority I have determined:

[ xxxx ] to uphold the determination of the housing authority

[    ] to reverse the decision of the housing authority

## 4. Decision

## Statement of Reasons for Decision

| | |
|---|---|
| **Finding 1** | Ms. Cohens was unable to provide documentation or mitigating circumstances that showed she was not involved in any criminal activity which subsequently led to her arrest. |
| **Finding 2** | Ms. Cohens was involved in violent Criminal Activity which resulted in her being arrested on March 14, 2009. |
| **Finding 3** | §982.553(c) Evidence of criminal activity. The PHA may terminate assistance for criminal activity by a household member as authorized in this section if the PHA determines, based on a preponderance of the evidence, that the household member has engaged in the activity, regardless of whether the household member has been arrested or convicted for such activity. |
| **Finding 4** | |
| **Finding 5** | |
| **Finding 6** | |

## 5. Rehearing or Further Hearing

Under the Authority's Administrative Plan, within fifteen (15) business days of the date of the mailing of this decision either the Authority or the Applicant/Tenant may request a rehearing or further hearing. The request must be in writing and must be post-marked or hand delivered to the hearing officer and the other party within the fifteen (15) day period. The request must demonstrate cause supported by specific references to the Hearing Officer's decision as to why the request should be granted. The rehearing or further hearing may be requested for the purpose of rectifying any obvious mistake of law made during the hearing or any obvious injustice not known at the time of the hearing. It shall be within the sole discretion of the housing authority to grant or deny the request for further hearing or rehearing. A further hearing may be limited to written submissions by the parties in the matter specified by the hearing officer.

Submitted by: **Joel Bonilla**

Signature: _[signature]_

Date: 8/27/09